# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BROADCAST MUSIC, INC.,** *et al.*, | CIVIL ACTION NO. 1:09-CV-2151 |
| **Plaintiffs** | (Judge Conner) |
| v. | |
| **SHANE'S FLIGHT DECK, LTD.,** | |
| **Defendant** | |

## ORDER & JUDGMENT

AND NOW, this 24th day of November, 2010, upon consideration of the motion (Doc. 14) for default judgment, filed by Broadcast Music, Inc., *et al.* ("BMI"), wherein BMI seeks to enjoin defendant Shane's Flight Deck, LTD. ("Shane's") from infringing the copyrighted musical compositions licensed by BMI, and seeks statutory damages in the amount of $5,000 for each of the four claims of infringement as well as costs and attorney's fees in the amount of $8,985.00, plus interest on both the statutory damages and fees, and after receipt of objections (Doc. 16) to the motion for default judgment filed by Shane's, and following a hearing on the matter on November 17, 2010, in which defendants failed to appear (see Doc. 19); see also FED. R. CIV. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing . . . ."), the court finding that a permanent injunction is

warranted given the past and likely continued violations by defendant,[1] see 17 U.S.C. § 502(a) (stating that a court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of copyright"); see also A&N Music Corp. v. Venezia, 733 F. Supp. 955, 957 (E.D. Pa. 1990) ("When past infringement and a substantial likelihood of future infringements is established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer."), the court further finding that a statutory damages award of $5,000.00 for each of the four violations is an appropriate remedy,[2] see 17 U.S.C. § 504(c) (stating that a copyright owner may elect to recover "an award of statutory damages for all infringements involved in the action, . . . , in a sum of not less than $750 or more than $30,000 as the court considers just"); Broadcast Music, Inc. v. It's Amore Corp., No. 3:08cv570, 2009 WL 1886038 at *8 (M.D. Pa. 2009) (awarding statutory damages of three and one-half the lost license fees and stating that "courts routinely

---

[1] Despite 24 letters and 34 phone calls over a period of nearly three years, defendant Shane's has continued to infringe BMI-licensed musical compositions and refuses to obtain a performance license from BMI. (See Doc. 14-3 ¶¶ 3-13 Declaration of Lawrence E. Stevens, Assistant Vice-President, General Licensing for BMI). Shane's conduct represents a willful violation of the Copyright Act. See It's Amore Corp., at *7 (finding willful violation where defendants had knowledge of their infringement or whose conduct is in reckless disregard of the possibility) (citing Kepner-Tregoe, Inc. v. Vroom, 186 F.3d 283, 288 (2d Cir. 1999)). The court finds that there is a substantial likelihood that Shane's will continue to violate the copyrights of BMI-licensed musical compositions.

[2] Plaintiffs seek statutory damages of approximately three times the lost licensing fees. Lost licensing fees from December 2006, when BMI first contacted Shane's regarding its copyright infringement activities, through May 2010, amount to approximately $6,683.60. (See Doc. 14-3 ¶ 15 Declaration of Lawrence E. Stevens).

2

compute statutory damages in cases . . . [involving copyright infringement] between two to six times the license fees defendants 'saved' by not obeying the Copyright Act" (quoting EMI Mills Music Inc. v. Empress Hotel, Inc., 470 F. Supp. 2d 67, 75 (D.P.R. 2006) (internal quotations omitted)), and that the requested attorneys' fees and costs are reasonable,[3] it is hereby ORDERED that:

1. The motion (Doc. 14) for default judgment is GRANTED.

2. DEFAULT JUDGMENT is entered in favor of BMI and against defendant in the amount of $28,985.00 plus interest, consisting of:

    a. Statutory damages in the amount of $5,000.00 per each of the four violations, for a total of $20,000.00, plus interest, pursuant to 17 U.S.C. § 504(c) and 28 U.S.C. § 1961.

    b. Attorneys fees in the amount of $8,460.00, and costs in the amount of $525.00, plus interest, pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1961.

3. Defendant is PERMANENTLY ENJOINED from infringing in any manner, the copyrighted musical compositions licensed by BMI.

---

[3] Plaintiffs' counsel Stanley H. Cohen, Esquire, ("Cohen") has submitted a detailed affidavit of his experience in copyright litigation and his services and costs in this matter. (Doc. 14-4, Declaration of Stanley H. Cohen). Cohen has decades of experience and has represented plaintiff BMI in approximately 100 civil actions. (Id. ¶¶ 3-15, 20). The hourly rate of $450, charged to BMI in this matter is below Cohen's standard hourly rate of $575. (Id. ¶ 19). The court finds Cohen's hourly rate to be reasonable and appropriate given his experience and expertise and further finds the total number of hours (18.8) devoted to this matter, as clearly delineated in his affidavit, to be reasonable and appropriate given the amount of work performed in the matter.

4. The Clerk of Court is directed to CLOSE the case.

                                               <u>S/ Christopher C. Conner</u>
                                               CHRISTOPHER C. CONNER
                                               United States District Judge